### LOORYA et al. v. KUPPERMAN.

(Supreme Court, Appellate Term. December 13, 1898.)

1. CONTRACT—ACTION FOR BREACH.
    Where negotiations for the formation of a partnership were abandoned before an agreement was reached, there is no contract for breach of which either party can recover damages for time spent, etc.

2. PARTNERSHIP—TERMINATION.
    Where no time is stipulated for the continuance of a partnership, either partner may terminate it at his election, without being liable for breach of contract.

Appeal from municipal court, borough of Manhattan, Fifth district. Action by Herman Loorya and another against Meyer Kupperman. From a judgment in favor of defendant, plaintiffs appeal. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Manheim & Manheim, for appellants.
M. D. Steuer, for respondent.

GIEGERICH, J. To an action on a promissory note made by the defendant to the plaintiffs for $125, and payable on demand, the former interposed a counterclaim for $150, damages claimed for an alleged breach of contract as stated below. The trial justice found that "the parties contemplated a co-partnership, and that plaintiffs were guilty of a breach of contract, and that the damage to the defendant at least equaled the valid claim of the plaintiffs." It is undisputed that the parties negotiated for the formation of a co-partnership, but the proof, interpreted in the most favorable light for the defendant, does not, in my opinion, support the conclusion, evidently arrived at by the justice, that one was formed. It shows, at most, a mere proposition to form a partnership, which the plaintiffs finally rejected, and, no agreement having been established, it follows that there could have been no breach. Therefore the trial justice erred in admitting, against the plaintiffs' objections and exceptions, that part of the defendant's testimony which was to the effect that the former spent four days in his shop, taking stock, with a view of forming the proposed partnership. Following this, the defendant was asked: "During that time, were you able to manufacture any goods?" Plaintiffs' objection thereto on the ground that it was too remote was overruled, an exception noted, and the witness answered, "That week I could not do it.". "Q. How much did you manufacture at this season of the year, daily, in your factory? (Objected to as immaterial, irrelevant, and too remote. Overruled. Exception.) A. $400 worth of goods a week. * * * Q. What is the difference between the amount it would cost to manufacture the articles manufactured in that week and the market value of those articles at that season of the year? (Objected to as immaterial and irrelevant. Overruled. Exception.) A. $75 is the difference between the market value of the articles and the cost of manufacture." As the nature of the goods manufactured by the defendant was not even mentioned upon the trial, I fail to perceive how the trial justice could have arrived at any definite conclusion respecting the profits which might have been realized from their manufacture during the period referred to. Assuming, for the sake of argument, that the parties did become partners, and that the evidence tending to establish the co-partnership was sufficient, then, the proof failing to show that the partnership was to continue for any definite period, it could have been brought to an end at any time at the election of any of the partners (17 Am. & Eng. Enc. Law, p. 902), and, consequently, the plaintiffs' termination of the partnership was not a breach of the alleged agreement.

For these reasons, the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.